**Julius WEST, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 78–5252.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 1, 1979.

Decided Nov. 14, 1979.

Julius West, Bruce E. Jewett, Cincinnati, Ohio (Court appointed), for plaintiff-appellant.

James S. Brady, U. S. Atty., Robert C. Greene, Asst. U. S. Atty., Grand Rapids, Mich., for respondent-appellee.

Before EDWARDS, Chief Judge, and WEICK and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of appellant West's petition for vacation of sentence under 28 U.S.C. § 2255. The district judge who heard the petition rejected it in all respects except one on the basis of a refer-

ence to a Magistrate and a lengthy Magistrate's report and recommendation to that effect. Relief was granted by vacation of one of the two concurrent sentences administered in connection with appellant's conviction and life sentence for assaulting and killing a bank employee in violation of 18 U.S.C. § 2113(e). Since we believe all issues presented in the § 2255 petition were dealt with appropriately by the district court, we affirm without further discussion his judgment, as to all issues except one, on the basis of his decision and the Magistrate's prior report.

The remaining contention concerns the other concurrent sentence under 18 U.S.C. § 924(c)(1) under which appellant was given a 10-year sentence to run concurrently with the life sentence for using a firearm to commit a felony against the United States in violation of said statutory provision. Appellant's claim in this regard is that *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), mandates the vacation of the 10-year sentence under § 924(c).

Before this court the United States Attorney's Office defends the decision of the district court not to vacate § 924(c) on the ground that *Simpson v. United States* should not be applied retroactively.

As we read *Simpson v. United States*, it is an interpretation of the relationship between several enactments by Congress which interpretation is retrospective in its impact rather than retroactive. If it controlled the question before us, we would apply it and vacate the disputed sentence. Since we do not feel that it does, we affirm the decision of the district court in all respects.

In *Simpson v. United States*, the Supreme Court stated the question it was dealing with as follows:

> The question for decision is whether §§ 2113(d) and 924(c) should be construed as intended by Congress to authorize, in the case of a bank robbery committed with firearms, not only the imposition of the increased penalty under § 2113(d), but also the imposition of an additional consecutive penalty under § 924(c).

*Id.*, at 8, 98 S.Ct. at 910–911.

As all concede there are two factual distinctions between our present appeal and the case dealt with by the Supreme Court in *Simpson*. First, the sentences in *Simpson* were consecutive sentences and those in our instant appeal are concurrent. Second, and more important to our result, is the fact that the dominant sentence in *Simpson* was a sentence under § 2113(a) prohibiting bank robbery by force and violence. This was enhanced by consecutive sentences under § 2113(d) because the robbery was committed "by the use of a dangerous weapon." It was also enhanced by a consecutive sentence under § 924(c) which provided for a consecutive sentence in relation to any felony wherein a firearm was used. *Simpson* involved the question whether or not a defendant might be sentenced for a bank robbery committed by force and violence or intimidation and then be sentenced to two additional consecutive sentences because he employed a "dangerous weapon" and that dangerous weapon was a "firearm." The Supreme Court left standing the sentence imposed for bank robbery by force and violence and left standing one consecutive sentence for the use of a dangerous weapon in commission of that bank robbery.

In contrast in our case, the dominant sentence is a life sentence for the commission of murder of a bank employee during a bank robbery. The disputed "enhancement" (if it can be called such) now before this court is a concurrent sentence of 10 years for the use of a firearm in committing a felony.

As we see our instant appeal, contrary to the concession made by the United States Attorney in this case, it is not controlled by the *Simpson* case at all, either by the application of retroactivity or retrospective interpretation because of a material difference in fact.

The critical question before us is pointed out clearly in *Simpson*; it is whether "the same act or transaction constitutes a violation of two distinct statutory provisions, [and] the test to be applied to determine

whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not" *Simpson v. United States,* 435 U.S. 6, 11, 98 S.Ct. 909, 912, 55 L.Ed.2d 70 (1978), quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The fact in our case which distinguishes § 2113(e) from § 924(c)(1) is that the former prohibits bank robbery by assaulting and killing without any specification as to means employed, whereas the latter prohibits the use of a firearm to commit any felony against the United States. In one instance the distinguishing fact is murder and the other instance the distinguishing fact is the firearm, as we understand the *Blockburger* rule.

The judgment of the district court is affirmed.